Jerry D Goldstein JG-7391
264 Union Boulevard
Totowa, New Jersey 07512
Tel: 973-595-5727 Fax: 973-595-5522

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIK BONETA,<br>　　　　Plaintiff<br><br>v.<br><br>ROLEX WATCH USA, INC.,<br>ROLEX INDUSTRIES, INC.,<br>MONTRES ROLEX, S.A.,,<br>ROLEX HOLDINGS, S.A.,<br>　　　　Defendants. | **COMPLAINT FOR RELIEF AND DAMAGES FROM RACKETEERING, CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY, AND RELATED CLAIMS;**<br><br>**JURY DEMANDED**<br><br>18 U.S.C. 1961 et seq.;<br>18 U.S.C. 1964<br>(Civil RICO Remedies) |

## INTRODUCTION

This is a civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. §1961 et seq.; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this honorable Court deems just and proper under all circumstances which have occasioned this Initial COMPLAINT. See 18 U.S.C. § 1964(a) and (c) ("Civil RICO").

The primary cause of this action is a widespread criminal enterprise engaged in a pattern of racketeering activity across State lines, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts during the past ten (10) calendar years.

The predicate acts alleged here cluster around criminal copyright infringement, trafficking in certain goods bearing counterfeit marks, interstate transportation of stolen property, obstruction of justice, obstruction of criminal investigations, obstruction of

State and local law enforcement, peonage and slavery. See 18 U.S.C. §§ 2319, 2320, 1512, 1513, 2315, 1503, 1510, 1511 and 1581-1588 respectively.

Other RICO predicate acts were actually part of the overall conspiracy and pattern of racketeering activity alleged herein, e.g. mail fraud and bank fraud. See 18 U.S.C. §§ 1341 and 1344, respectively.

The primary objective of the racketeering enterprise has been to inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from legally importing, purchasing domestically, distribution of products.

On May 20, 2009, United States Custom and Border Protection officials detained a shipment of Rolex watches shipped from a trading company in Hong Kong to Erik Boneta. The detained shipment contained 90 Rolex watches, which were determined to be genuine and manufactured by Rolex.

Rolex Watch U.S.A, through its counsel, informed Customs that Boneta was not authorized to import Rolex brand watches. Boneta believed that since sometime in 2004, there was no limit to the number of Rolex watches that a United States citizen could import to the United States because it was reported in press that Rolex, S.A. a Swiss corporation, and Rolex Watch USA had fallen under common ownership. Despite the common ownership of the trademarks, Rolex continued to assert "grey market protection" by misleading Customs so that they could decrease competition in the U.S. importation and distribution of its watches.

On July 23, 2009, counsel for Erik Boneta sought a ruling from U.S. Customs and Border Protection ("USCBP", "Customs" or "US Customs")) regarding the quantity of genuine Rolex watches an individual , who is a natural person and United States resident, may import into the United States.  Relying on a computerized Intellectual Property Right Search which designated Rolex Watch U.S.A. as having "grey market protection', USBCP not only seized the shipment that was detained but began an investigation seeking numerous other shipments of Rolex watches that Boneta imported

without authorization. Boneta was also deprived of property that was purchased within the United States simply because it bore a Rolex trademark.

Never, at any point, did Rolex advise US Customs that the requirements which once afforded Rolex USA "grey market protection" were no longer accurate. In fact, Rolex Watch U.S.A. never advised Customs that it was no longer eligible for grey market protection. It was not until about May of 2015, after Rolex Watch U.S.A. simply failed to apply for an extension of the restriction that Customs and all dealers were officially put on notice of that Rolex itself believed it was not entitled to receive restricted protections from USCBP.

## PARTIES

1.  Plaintiff, Erik Bonetta is a citizen of the United States of America, and resides in Brooklyn, New York and maintains an office at 6 West 45th Street, 6th Floor, New York, NY 10036 and has been an importer of watches, including genuine Rolex watches.

2.  Defendant, ROLEX, U.S.A, INC. (also referred to as ROLEX WATCH, U.S.A., INC.), is a corporation organized under the laws of the State of New York in 1948, as the American Rolex Watch Corporation, a subsidiary of defendant MONTRES ROLEX, S.A.. At sometime thereafter ROLEX U.S.A., INC. became a subsidiary of ROLEX INDUSTRIES, INC. At all relevant times ROLEX U.S.A., INC. has been located at 665 5th Avenue, New York, NY 10022 and has been an exclusive distributor of Rolex watches in the United States.

3.  Defendant, ROLEX INDUSTRIES, INC., is a corporation located at 665 5th Avenue, New York, NY 10022, organized under the laws of the State of New york as a subsidiary of ROLEX HOLDINGS, S.A. (Geneva).

4.  Defendant, MONTRES ROLEX, S.A., is a corporation organized under the laws of Switzerland. MONTRES ROLEX, S.A. is the sole worldwide distributor of Rolex watches.

5.  Defendant, ROLEX HOLDINGS, S.A., is a corporation organized under the laws of Switzerland. ROLEX HOLDINGS, S.A. may be the owner of one or more of the other named defendants.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this cause of action pursuant to the provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964 (c).

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1338 (b), §1391 and 18 U.S.C. § 1965 in that the claims asserted in this action arose, in part, within the Southern District of New York, each party maintains an office, transacts business, is found in, or has an agent within this district.

## BACKGROUND

9.  Section 526 of the Tariff Act of 1930, 19 U.S.C. §1526 provides:

(a) Except as provided in subsection (d) of this section, it shall be unlawful to import into the United States any merchandise, or the label, sign, print, package, wrapper, or receptacle, which bears a trademark owned by a citizen of, or by a corporation or association created or organized within the United States, and registered in the Patent and Trademark Office by a person domiciled in the United States, under the provisions of section 81 to 109 of Title 15, and if such copy of the certificate of registration of such trademark is filed with the Secretary of the Treasury, in the manner provided in section 106 of said Title 15, unless written consent of the owner of such trademark is produced at the time of making entry.

(b) Any such merchandise imported into the United States in violation of the provisions of this section shall be subject to seizure and forfeiture for violation of the customs laws.

10. Customs Regulations promulgated to enforce Section 526 provide in 19 CFR §133.21 (c) that the restrictions on the importation of articles bearing a registered trademark owned by a citizen of the United States, and recorded by it with the Secretary of Treasury, are not applicable when:

(1) Both the foreign and the U.S. trademark or trade name are owned by the same person or business entity;

(2) The foreign and domestic trademark or trade name owners are parent and subsidiary companies or are otherwise subject to common ownership or control.

11. Under Section 526, the United States owner of a trademark registered with the U.S. Patent and Trademark Office may, by recording that trademark with the U.S. Customs Service, require that agency to seize and hold forfeit not only imported articles with a false or counterfeit mark, but all genuine importations, legitimately produced abroad and authorized by the foreign owners to carry the trademark, so called "grey market protection". Customs enforces the exclusive right of the U.S. recordant to import goods with that trademark by seizing and holding forfeit the goods of any other importer.

12. The section of the Customs regulations cited herein does not permit the owner of a U.S. trademark to obtain Customs' protection for its imports from the importation of genuine articles when the U.S. company is linked to a foreign owner of that trademark by common ownership or control. The applicant for such recordation and restrictive protection is required to state that it is independent of any such connection.

13. Sections 133.5 and 133.6 of the Customs Regulations specifically state that changes in ownership or status of the mark must be brought to Customs' attention.

14. As early as 2004, articles are published demonstrating that the ROLEX companies and the defendants began the process of merging all defendants and ROLEX entities into common ownership so that by 2006, ROLEX et al and the defendants were

all under common ownership and the defendants knew that no recordation of ROLEX trademarks with Customs to exclude importations of genuine Rolex watches was possible under 19 CFR §133.21 (c) (2) and its predecessor regulations.

15. Upon information and belief, defendants continued to seek enforcement of the "grey market protection" by either making false statements to Customs, by failing to advise Customs that there was a change in the status or ownership of the mark or both. Finally, in 2015, the defendants simply failed to file an extension of the protection which alerted the Plaintiff that he had been correct in 2009, and that defendants did not have the right to restrict his business nor have his property seized and forfeited.

16. Upon information and belief, by means of false and fraudulent statements and representations, that defendant was independent of the foreign owners of the Rolex trademark, defendant obtained and maintained a recordation of that mark with the U.S. Customs Service. This recordation required the government to enforce the exclusive right falsely claimed by the defendant to import articles bearing the genuine Rolex trademark, by seizing and forfeiting the property of others attempting to import genuine Rolex watches.

17. Defendant had a duty to alert Customs that it was not eligible to the protection of any exclusive right to the importation of Rolex watches under 19 USC §526 and simply did not while illegally receiving the commercial benefits of recordation of the Rolex mark with Customs.

18. Defendants wrongfully concealed the common ownership from Customs which prevented Plaintiff from discovering the true misrepresentations of defendant until the extension for protection was not renewed.

## COUNT ONE:

### Acquisition and Maintenance of an Interest in and Control of

### an Enterprise Engaged

### in a Pattern of Racketeering Activity:

### 18 U.S.C. §§ 1961(5), 1962(b)

19. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

20. At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

21. During the ten (10) calendar years preceding March 31 2015 A.D., all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

22. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(b) supra.

23. Pursuant to the original Statutes at Large, the RICO laws itemized above are to be liberally construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. See 84 Stat. 947, Sec. 904, Oct. 15, 1970.

24. Respondeat superior (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise).

## COUNT TWO:

Conduct and Participation in a RICO Enterprise

through a Pattern of Racketeering Activity:

18 U.S.C. §§ 1961(5), 1962(c)

25. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

26. At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

27. Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

28. During the ten (10) calendar years preceding March 31, 2015 A.D., all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

29. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(c) supra.

30. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be liberally construed by this honorable Court. Said construction rule was never codified in Title 18 of the United States Code, however. Respondeat superior (as explained above).

## COUNT THREE:

Conspiracy to Engage in a

Pattern of Racketeering Activity:

18 U.S.C. §§ 1961(5), 1962(d)

31. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

32. At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

33. At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d).

See also 18 U.S.C. §§ 1961(4), (5) and (9).

34. During the ten (10) calendar years preceding March 31, 2015 A.D., all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

35. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d) (Prohibited activities supra).

36. Pursuant to 84 Stat. 947, Sec. 904, Oct. 15, 1970, the RICO laws itemized above are to be liberally construed by this honorable Court. Said construction rule was

never codified in Title 18 of the United States Code, however. Respondeat superior (as explained above).

## RELIEF REQUESTED

Wherefore, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiff requests judgment against all named Defendants as follows:

ON COUNT ONE:

1.      That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO enterprise of persons and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2.      That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO enterprise of persons, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

3.      That all Defendants and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT ONE supra.

4.      That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s).

5.      That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of

18 U.S.C. 1962(b), according to the best available proof.

6.     That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for actual damages and any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

7.     That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), according to the best available proof.

8.     That all Defendants pay to Plaintiff his costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

9.     That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [sic], for the benefit of Plaintiff, His heirs and assigns.

10.    That Plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

ON COUNT TWO:

1.     That this Court liberally construe the RICO laws and thereby find that all Defendants have associated with a RICO enterprise of persons and of other individuals who were associated in fact, all of whom did engage in, and whose activities did affect, interstate and foreign commerce in violation of the RICO law at 18 U.S.C. 1962(c) (Prohibited activities).

2.     That this Court liberally construe the RICO laws and thereby find that all Defendants have conducted and/or participated, directly or indirectly, in the affairs of said RICO enterprise through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. §§ 1961(5) ("pattern" defined) and 1962(c) supra.

3.     That all Defendants and all of their directors, officers, employees, agents,

servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from associating with any RICO enterprise of persons, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

4. That all Defendants and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conducting or participating, either directly or indirectly, in the conduct of the affairs of any RICO enterprise through a pattern of racketeering activity in violation of the RICO laws at 18 U.S.C. §§ 1961(5) and 1962(c) supra.

5. That all Defendants and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT TWO supra.

6. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(c) supra and from all other violation(s) of applicable State and federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) supra, according to the best available proof.

8. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for actual damages and any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(c) supra, according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(c) supra, according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all

reasonable counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11.     That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(c) supra and from all other violation(s) of applicable State and federal law(s), be paid to Plaintiff with interest from the date of loss.

12.     That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

### ON COUNT THREE:

1.      That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, a RICO enterprise engaged in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) supra.

2.      That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) supra.

3.      That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO enterprise that engages in a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5), 1962(b) and (d) supra.

4.      That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO enterprise

through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1961(5), 1962(c) and (d) supra.

5. That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT THREE supra.

6. That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s).

7. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

8. That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for actual damages and any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

9. That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

10. That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [sic], for the benefit of Plaintiff, His heirs and assigns.

12.     That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.


Dated March 28, 2016                                        Respectfully Submitted,


                                                            _____
                                                            Jerry D. Goldstein JG-7391
                                                            JERRY D. GOLDSTEIN, LLC
                                                            Attorney for Plaintiff Erik Boneta
                                                            264 Union Boulevard
                                                            Totowa, New Jersey 07512
                                                            (973) 595-5727
                                                            jgoldstein@jdgoldstein.com